In re Marilyn PITTMAN, d/b/a Benchmark Publications, Debtor.

AMERICAN GUILD
CORPORATION, Plaintiff,

v.

Marilyn PITTMAN d/b/a Benchmark Publications, Unlimited, Inc., d/b/a Benchmark Publications, d/b/a International Services Magazines, Defendant.

In re BENCHMARK PUBLICATIONS UNLIMITED, INC., AMERICAN GUILD CORPORATION, Plaintiff,

v.

BENCHMARK PUBLICATIONS UNLIMITED, INC., Defendant.

Bankruptcy Nos. 85–0675–H2–1,
85–07636–H2–1.
Adv. Nos. 86–0199, 86–0200.

United States Bankruptcy Court,
S.D. Texas,
Houston Division.

March 12, 1986.

Don Barley, Pittsburgh, Pa., for plaintiff; Diana L. Resnick, Boyar, Norton & Blair, Houston, Tex., of counsel.

James B. Eaton, Houston, Tex., for defendant.

## DECISION AND ORDER ON APPLICATION FOR RELIEF INCLUDING THE APPOINTMENT OF A TRUSTEE

EDWARD J. RYAN, Bankruptcy Judge.

On October 28, 1985, Marilyn Pittman d/b/a Benchmark Publications Unlimited, Inc., d/b/a Benchmark Publications, d/b/a International Services Magazines ("debtor") filed a voluntary petition under Chapter 13 of the Bankruptcy Code, Bankruptcy Case No. 85–06759–H2–1.

On November 22, 1985, the debtor converted the Chapter 13 proceedings to a Chapter 11 case.

On November 22, 1985, Benchmark Publications Unlimited, Inc., filed its voluntary petition under Chapter 11.

On the 10th day of March, 1986, a hearing was held on American Guild Corporation's request for relief in an application for restraining order, preliminary and permanent injunction, and complaint dated February 26, 1986.

At that hearing the debtors agreed that they might be considered as one entity. It was conceded that no operating reports had been filed from the date of the filings to the date of the hearing. However, at the hearing the attorney for the debtors stated that they were prepared to bring operating statements up to date. It was suggested that he furnish copies of the same to the attorneys for the movant, American Guild Corporation. After a recess, wherein the document was reviewed by all parties, the document was marked as court's Exhibit "A".

That document was not an updating of operating statements, but simply a projection of operations *in futuro*.

In view of the allegations that are made by American Guild Corporation, this case is

found to be one in which a trustee should be appointed. The need for current operating statements by debtors-in-possession in a reorganization proceeding is so obvious it need not be even commented upon. It was conceded that the debtors had extracted from this estate more than a debtor should have taken during the administration. The debtors are prepared to restore approximately $24,000 to the estate.

Movant did request in their application for temporary restraining order, preliminary and permanent injunction and complaint dated February 26, 1986, that an examiner or trustee be appointed for debtors for the purpose of maintaining and distributing the trust assets and performing an accounting of trust assets. The court is fully conscious of the fact that economical administration requires that the estates of debtors-in-possession, who are in fact fulfilling their duties as such, should not have to bear the burden of the extra expense of a trustee or examiner imposed thereon. This is the exceptional case. As shown above, these debtors have not been fulfilling their duties.

Accordingly, W. Steve Smith, Esq., maintaining offices at 4700 Texas Commerce Tower, Houston, Texas 77004, is appointed trustee.